UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORENA GALLEGOS-HERNANDEZ, | ) | Case No.: 3:26 CV 974 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN RAYCRAFT, *et al.*, | ) | |
| | ) | |
| Respondents | ) | <u>ORDER</u> |

Currently pending before the court is Petitioner Lorena Gallegos-Hernandez's ("Petitioner" or "Gallegos Hernandez") Petition for Writ of Habeas Corpus, (ECF No. 1), filed pursuant to 28 U.S.C. § 2241. For the reasons below, the court grants the Petition, and hereby orders Respondents to hold an individualized bond hearing within seven (7) days of the issuance of this Order or release Petitioner**.**

## I. BACKGROUND

Gallegos-Hernandez is "a 42-year-old Mexican national," who "entered the United States without inspection or parole" roughly two years ago, at a place and date that remains unspecified by Department of Homeland Security ("DHS"). (ECF No. 1, Pet. ¶ 1; *id.* Ex. 1, Notice to Appear at PageID 19–22.) Since then, she has lived in this country: "she entered without inspection, was processed by DHS, placed into full § 240 removal proceedings, released on her own recognizance,

and then lived in the United States for over two years before being detained from the interior." (Pet. ¶ 57.) Despite DHS releasing her years before, on or about February 11, 2026, Gallegos-Hernandez was detained by Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 5; ECF No. 4, Gov't Resp. at PageID 30.) DHS issued her a Notice to Appear ("NTA"), placing her in removal proceedings pursuant to Immigration and Nationality Act §§ 212(a)(6)(A)(i) and (a)(7)(A)(i)(I). (Pet. at PageID 22.) She is in custody at the Corrections Center of Northwest Ohio in Stryker, Ohio. (*Id.* ¶ 13.)

On April 24, 2026, Petitioner filed the instant § 2241 Petition, asserting that: "[l]acking any statutory basis for her detention, Respondents must release Petitioner or, in the alternative, promptly hold a bond hearing to determine whether she should remain in custody." (Pet. at PageID 10.) She advances three claims: Violation of Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1225 and 1226 (Count I); Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (Count II); and Violation of Fifth Amendment Due Process Clause (Count III). (*Id.* at PageID 14–16.)

On May 11, 2026, the Government filed a Response, (ECF No. 4), wherein it initially argued for the Petition's dismissal because, "this court lacks jurisdiction, the Petitioner has not exhausted the available administrative remedies, and . . . is lawfully detained." (*Id.* at PageID 29.)

However, a few days later, on May 14, 2026, the Government filed a Notice of Adverse Decision, (ECF No. 5), informing this court of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026). The matter is ripe.

## II. LAW & ANALYSIS

Recently, federal district courts have been receiving an increasing number of immigration-related claims for Habeas relief. Yet, immigration is an area of law in which district courts' jurisdiction is limited, thereby raising questions about the scope of the INA's proscriptions on

-2-

judicial review. Until recently, one such question was the enforceability of § 1225(b)(2)(A)'s mandatory detention scheme as applied to noncitizen-petitioners who had been living freely in the United States for years. On May 11, 2026, that question was answered by the Sixth Circuit in *Lopez-Campos*. There, ruling against the Government, the Sixth Circuit affirmed multiple district courts' holdings that such individuals "were due individualized bond hearings in light of the significant time they have spent within the interior of the United States." *Lopez-Campos*, 2026 WL 128391, at \*13. The Sixth Circuit explained that "1225(b)(2)(A)'s mandatory detention scheme does not apply to [the petitioners]" who were noncitizens in the country, as they were "'applicants for admission' [but] not necessarily 'seeking admission'" in a way that falls under § 1225(b)(2)(A). *Id.* at \*11. Instead, the Sixth Circuit concluded, as had the lower courts, that "[p]etitioners could have been detained pursuant to only § 1226," which "applies to aliens already present in the United States." *Id.* However, there is no mandatory detention in relevant subsection 1226(a), so due process must precede detention. *Id.*

This recent decision clarifies "1225(b)(2)(A)'s scope," insofar as its mandatory detention does not apply to noncitizens that do not qualify as "seeking admission" under § 1225(b)(2)(A). *Id.* at \*13. In so holding, *Lopez-Campos* "ensures that noncitizens like [p]etitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond." *Id.*

Here, the same reasoning applies. And, as a result, Respondents no longer oppose Petitioner's requested relief. Although reserving appeal rights, the Notice of Adverse Decision concedes:

> [P]ursuant to *Lopez-Campos*, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing under the Fifth Amendment. . . . Consistent with the relief affirmed in *Lopez-Campos*, the Court should order a bond hearing to be conducted by an immigration judge under 8 U.S.C. § 1226(a) within seven days of the issuance of the

order, or immediately release Petitioner.

(Notice of Adverse Decision at PageID 54–55.) In light of *Lopez-Campos* and Respondents' subsequent concession, there is no dispute that Gallegos-Hernandez's is entitled to § 2241 relief.

To protect that "most fundamental [liberty] interest . . . shared by both citizens and noncitizens alike" to be free from detention, Gallegos-Hernandez must be afforded "a forum to explain that [her] background[] and connections to [her] communities justify release on bond while [she] undergo[es] [her] removal proceedings." *Lopez-Campos*, 2026 WL 128391, at *13. As the Sixth Circuit stated: "[t]o hold otherwise would subject long-term law-abiding residents in the United States . . . to the hardship of mandatory detention without due process." *Id.*

### III. CONCLUSION

For the reasons above, the court hereby grants the Petition for Writ of Habeas Corpus. (ECF No. 1.) In so doing, the court also hereby orders Respondents to hold an individualized bond hearing within seven (7) days of the issuance of this Order, or immediately release Petitioner.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 20, 2026